UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cr-20419-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PAUL FRANCIS DUNNE,

    Defendant.
_____/

**ORDER ON MOTION FOR COMPASSIONATE
RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)(i)**

**THIS CAUSE** is before the Court upon Defendant Paul Francis Dunne's ("Defendant") Motion for Compassionate Release, ECF No. [53]. The Government filed a Response, ECF No. [54], and filed exhibits in support of the Response under seal, ECF Nos. [54-1] – [54-5], [56]. Defendant filed a Reply. ECF No. [58]. The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, the Motion is denied.

**I.    BACKGROUND**

On August 5, 2021, a grand jury in this district returned an indictment charging Defendant with possession of child pornography, including the visual depiction of a prepubescent minor or a minor who had not yet attained twelve years of age, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). *See* Indictment, ECF No. [3]. On February 25, 2022, Defendant pled guilty to the Indictment, ECF No. [23], pursuant to a written Factual Proffer, ECF No. [25], and Plea Agreement, ECF No. [26], through which he expressly admitted to having possessed 127 photographs and 16 video clips depicting child pornography, including images depicting a

prepubescent minor or a minor who had not attained the age of twelve years. ECF No. [25] at 3, ECF No. [26] at 4.

On May 20, 2022, the Court conducted the sentencing hearing in this case. ECF No. [36]. After considering the advisory guidelines, the parties' arguments, and the § 3553(a) factors, the Court granted the defense's request for a downward variance, sentencing Defendant to 63 months in prison. ECF No. [37].

On September 28, 2023, Defendant filed the instant Motion. Defendant seeks a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on the grounds that he has multiple medical conditions which require treatment, and that "his cancer is a terminal type of cancer which requires very aggressive treatments to avoid fatality". ECF No. [53]. The Motion reiterated that Defendant's skin cancer is a "terminal medical condition" and that he has "cancer type colon polyps in his colon." *Id.* It also stated that Defendant suffers from a painful inguinal hernia, that he has bleeding hemorrhoids and COPD, and describes the car accident that led to Defendant being "deemed disabled by SSI standards". *Id.* In addition to stating that "FCC Coleman has shown it is incapable of handling defendant[']s medical conditions," the Motion also complains of a "dangerously infected" air quality in the prison and of other alleged inhospitable conditions within the prison. *Id.* Finally, the Motion states that Defendant has no disciplinary actions, he gets along well with other inmates, he is not a risk to the community because he "has never been in legal trouble in his life," and "is remorseful for his pas[t] conduct[]". *Id.*

II.   **LEGAL STANDARD**

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

"The authority of a district court to modify an imprisonment sentence is narrowly

limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Here, Defendant seeks relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent

3

they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-CR-60184, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020).

Thus, to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the Bureau of Prisons (BOP); (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

As an initial matter, the Government concedes that Defendant has met the exhaustion requirements under 18 U.S.C. § 3582. ECF No. [54] at 7 n.3. The Court therefore proceeds to consider the § 3553(a) factors.

### B. § 3553(a) Factors

18 U.S.C. § 3553(a) provides in pertinent part:

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; . . .

18 U.S.C. § 3553(a).

In the Motion, Defendant states that he has had no disciplinary actions, gets along well with other inmates, that he "has never been in legal trouble in his life", and that he is remorseful for his past conduct. Defendant has, as of the date of this Order, served only 16 months of his 63-month sentence. *See* ECF No. [37]. Defendant admitted to having possessed 127 photographs and 16 video clips depicting child pornography, among which were images depicting a prepubescent minor or a minor who had not attained the age of twelve years. ECF No. [25] at 3, ECF No. [26] at 4. Although it appears that Defendant is a model prisoner, and the Court accepts the sincerity of his remorsefulness, the nature and circumstances of Defendant's offense are serious. The Court

finds the need for his sentence to reflect the seriousness of his offense greatly outweighs the considerations that Defendant raises and strongly militates against reducing Defendant's sentence. The Court imposed Defendant's sentence to promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and to protect the public from further similar crimes. The threadbare arguments in the Motion do not alter the Court's calculus.

Because the relevant § 3553(a) factors weigh against a reduction in sentence, the Motion is due to be denied, and the Court declines to consider the parties' arguments concerning whether extraordinary and compelling reasons warrant a reduction, whether Defendant is not a danger to the safety of any other person or to the community, or whether the reduction would be consistent with an applicable policy statement issued by the Sentencing Commission.[1]

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion for Compassionate Release, **ECF No. [53]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 12, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Paul Francis Dunne
59640-509
Coleman Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1031
Coleman, FL 33521
PRO SE

---

[1] Nevertheless, the Court notes that the record does not substantiate any cancer, terminal illness, or any severe disabilities. Defendant concedes that the records do not reflect such illnesses. *See* ECF No. [58].