UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cr-20419-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PAUL FRANCIS DUNNE,

    Defendant.
_____/

**ORDER ON MOTION FOR COMPASSIONATE
RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)(i)**

**THIS CAUSE** is before the Court upon Defendant Paul Francis Dunne's ("Defendant") Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), ECF No. [60]. The Government filed a Response, ECF No. [62], and filed exhibits in support of the Response under seal, ECF No. [64]. Defendant filed a Reply, ECF No. [66], as well as supplemental medical records, ECF No. [67]. The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case, and the applicable law, and is otherwise duly advised. For the following reasons, the Motion is due to be denied.

    **I.    BACKGROUND**

On August 5, 2021, a grand jury in this district returned an Indictment charging Defendant with possession of child pornography, including the visual depiction of a prepubescent minor or a minor who had not yet attained twelve years of age, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). *See* Indictment, ECF No. [3]. On February 25, 2022, Defendant pled guilty to the Indictment, ECF No. [23], pursuant to a written Factual Proffer, ECF No. [25], and Plea Agreement, ECF No. [26], through which he expressly admitted to having possessed 127

photographs and 16 video clips depicting child pornography, among which were images depicting a prepubescent minor or a minor who had not attained the age of twelve years. ECF No. [25] at 3, ECF No. [26] at 4.

On May 20, 2022, the Court conducted the sentencing hearing in this case. ECF No. [36]. After considering the advisory guidelines, the parties' arguments, and the § 3553(a) factors, the Court granted the defense's request for a downward variance, sentencing Defendant to 63 months in prison. ECF No. [37].

On May 21, 2024, Defendant filed the instant Motion. Defendant seeks a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on the grounds that he has multiple serious medical conditions which require treatment, specifically a "colon cancer positive test on 11/21/2023[,]" an enlarged prostate, high cholesterol, chronic obstructive pulmonary disease, possible skin cancer, hernia, chronic ear infections, lower back pain, cervicalgia, and "a serious skin infection that the FBOP medical staff cannot diagnose." ECF No. [60] at 5. Defendant explains that he "prefers [his] own doctor who can handle the surgery immediately before it gets any worse" for the colon cancer. *Id.* at 6. The Government responds that Defendant has failed to establish that he has actually been diagnosed with serious conditions. ECF No. [62] at 1. On Reply, Defendant concedes that his medical records, ECF No. [64], do not reflect cancer diagnoses. *See* ECF No. [66]. Instead, Defendant explained that he presumed a positive test meant he had colon cancer, due to the history of colon cancer in his family and feared a persistent rash would be skin cancer. *Id.* at 1. However, he was not diagnosed with cancer. *Id.* Defendant adduces supplementary medical records, ECF No. [67]. The records indicate Defendant was seen by a medical doctor who diagnosed the rash as seborrheic dermatitis and diagnosed Defendant with actinic keratosis, described in medical records as "precancerous proliferations that occur within sun damaged skin." ECF No. [67] at 3.

2

Case No. 21-cr-20419-BLOOM

## II. LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Here, Defendant seeks relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . .

after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-CR-60184, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020).

Thus, to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the Bureau of Prisons (BOP); (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a

defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

### III.   DISCUSSION

This is the second time the Court considers a Motion to Reduce Sentence and for Compassionate Release from Defendant. The Court previously denied Defendant's Motion to Reduce Sentence and for Compassionate Release on December 22, 2023, ECF No. [53]. *See* ECF No. [59]. In doing so, the Court focused its analysis on the relevant § 3553(a) factors and found that they weighed against a reduction in sentence. ECF No. [59].

Nine months later, the Court's analysis does not change as to the instant Motion to Reduce Sentence, ECF No. [60]. First, both parties agree that administrative remedies with the BOP were exhausted. ECF No. [60] at 3; ECF No. [62] at 11 n. 4. Second, as discussed more thoroughly in the Court's prior Order, ECF No. [59], the relevant § 3553(a) factors weigh against a reduction in sentence as to Defendant's current Motion, ECF No. [60]. The Court finds the need for Defendant's sentence to reflect the seriousness of his offense — possession of 127 photographs and 16 video clips depicting child pornography, among which were images depicting a prepubescent minor or a minor who had not attained the age of twelve years — greatly outweighs the considerations that Defendant raises and strongly militates against reducing Defendant's sentence.

The Court does not find that extraordinary and compelling reasons warrant a reduction, and need not consider whether Defendant is a danger to the safety of any other person or to the community, or whether the reduction would be consistent with an applicable policy statement issued by the Sentencing Commission.[1]

---

1 The Court notes that the medical records supplied by the Government, ECF No. [64], and Defendant's supplementary medical records, ECF No. [67], do not indicate cancer, terminal illness or

Case No. 21-cr-20419-BLOOM

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), **ECF No. [60]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 26, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Paul Francis Dunne
59640-509
Coleman Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1031
Coleman, FL 33521
PRO SE

---

severe disabilities. Defendant notes that the Bureau of Prisons Regional Office denied him "medicated shampoo, but also denied the Clobetasol 0.05% scalp solution" for his seborrheic dermatitis, "which goes to show that I am not being given the proper medicine or medical treatment and not even in any type of timely fashion." ECF No. [67] at 1-2. Though the Court sympathizes with Defendant's ailments and the fear he has of seeing his conditions develop, the Court does not reach the issue of Defendant's access to medication on a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).